■ In the Matter of HENRY W. VON DAMM, JR., et al., Appellants, v. NORMAN GALLMAN et al., Constituting the State Tax Commission, Respondents.— Appeal from a judgment of the Supreme Court at Special Term, entered October 27, 1972 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the State Tax Commission assessing a deficiency plus interest against petitioners for the years 1960 and 1961. The petitioners, husband and wife, filed joint New York State income tax returns for the years 1960 and 1961. Subsequently, they consented to a request by the respondents for an extension of the time within which to review the returns for those years by signing appropriate waivers. Thereafter, it was determined that a deficiency was owing and, upon assessment, which included interest from the date upon which tax payments for those years were due, the petitioners paid the amount of the deficiency but have refused to pay the interest. It appears that, prior to consenting to the extension of time, the petitioners were not advised that they were assuming an obligation to pay interest upon the deficiency from the due dates of the original returns. The petitioners contend that interest should not be imposed upon deficiency assessments because it would be an unconstitutional penalty and/or that the Tax Law does not provide for the payment of interest on such sums. As found by Special Term, subdivision (a) of section 684 of the Tax Law provides for the payment of such interest, and there is no requirement that the respondents advise taxpayers as to the imposition of interest prior to an agreement by the taxpayer to extend the time within which a deficiency may be assessed (cf. *Matter of Cooper-Smith* v. *Bragalini*, 4 A D 2d 374). There is nothing about article 22 which would suggest that interest on under payments would constitute a penalty. Petitioners' reliance upon the provisions of section 377 of the Tax Law is misplaced as such section is inapplicable to taxable years ending on and after December 31, 1960. Judgment affirmed, without costs. Herlihy, P. J., Greenblott, Cooke, Main and Reynolds, JJ., concur.